IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BENNIE D. FREEMAN,**

                       **Plaintiff,**

                                                    CIVIL ACTION
       **vs.**                                                       No. 05-3147-GTV

**PUBLIC KASPER,[1] et al.,**

                        **Defendants.**

## ORDER

    Plaintiff, an inmate confined in Hutchinson Correctional Facility in Hutchinson, Kansas, proceeds pro se on a civil complaint filed under 42 U.S.C. 1983 by.  Plaintiff has paid the initial partial filing fee assessed by the court under 28 U.S.C. 1915(b)(1), and is granted leave to proceed in forma pauperis. Plaintiff remains obligated to pay the remainder of the $250.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. 1915(b)(2).

    Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. 1915A(a) and (b).

    In this action, plaintiff seeks damages for the erroneous reporting on the Kansas Adult Supervision Population Electronic

---

[1]The spelling of this defendant's "name" is hereby corrected to accurately reflect the correct acronym spelling.

Repository (KASPER) that plaintiff was convicted of aggravated sexual battery rather than aggravated battery.  Plaintiff claims this misinformation caused his family great pain and humiliation, and caused him to be subjected to harassment from fellow prisoners.  Plaintiff documents the error appearing on an offender search dated December 17, 2004, and documents a corrected offender search dated January 14, 2005.

To allege a valid claim under 42 U.S.C. 1983, a plaintiff must assert the denial of a right, privilege or immunity secured by federal law.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970).  Plaintiff's attempt to seek relief on various state tort theories is insufficient to state a claim of constitutional significance for the purpose of proceeding in federal court under 42 U.S.C. 1983.  Defamation alone is not a constitutional violation.  See Paul v. Davis, 424 U.S. 693, 712 (1976)("[P]etitioners' defamatory publications, however seriously they may have harmed respondent's reputation, did not deprive him of any 'liberty' or 'property' interests protected by the Due Process Clause.").  See e.g., Stump v. Gates, 777 F.Supp. 808, 820-21 (D.Colo. 1991)(allegations of harm to family's reputation, based on published statements by police and coroner of father's death as suicide, stated no more than state tort law claim for defamation or possibly intentional infliction of emotional distress, and failed to assert denial of right secured by Constitution or laws of the United States), aff'd, 986 F.2d 1429 (10th Cir. 1993); Miller v. California, 355 F.3d 1172 (9th Cir. 2004)(plaintiff whose name was placed on California Child Abuse

Central Index failed to show he suffered the loss of a recognizable property or liberty interest in connection with reputational injury from having name placed on index, as required to satisfy "stigma-plus" test for stating a defamation claim under 42 U.S.C. 1983).

Finding no claim of constitutional deprivation in plaintiff's allegations, the court concludes the complaint should be dismissed as stating no claim for relief under 42 U.S.C. 1983. <u>See</u> <u>also</u> 42 U.S.C. 1997e(e)("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury"). The court dismisses the complaint without prejudice to plaintiff pursuing relief in the state courts to the extent any such relief may be authorized.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that the caption is corrected to reflect the correct acronym spelling for the Kansas Adult Supervision Population Electronic Repository.

IT IS FURTHER ORDERED that the complaint is dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

Dated at Kansas City, Kansas, this 25th day of May 2005.

<u>/s/ G. T. VanBebber</u>
G. T. VANBEBBER
United States Senior District Judge